UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MENDOZA,<br><br>        Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>        Respondent. | Case No. 1:22-cv-00128-ADA-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE<br><br>(ECF Nos. 1, 16)<br><br>**OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS** |

On September 2, 2021, Petitioner Carlos Mendoza ("Petitioner") a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus. (ECF No. 1). On June 21, 2022, Respondent filed a motion to dismiss the petition as untimely, fully unexhausted, and for failing to raise cognizable federal claims.[1] (ECF No. 16 at 1). Petitioner did not file an opposition to Respondent's motion to dismiss and his time to do so has expired. *See* Local Rule 230(c). Accordingly, the Court will recommend that Respondent's motion to dismiss be granted.

/ / /

---

[1] Respondent notes "Petitioner is currently incarcerated at California Substance Abuse Treatment Facility where Theresa Cisneros is the Warden." (ECF No. 16 at 1).

1

**Procedural and Factual Background**

On September 11, 2003, Petitioner was convicted in Stanislaus County Superior Court for participating in a criminal street gang, exhibiting a firearm, and two counts of assault with firearm against two separate individuals.  (ECF Nos. 1 at 2; 17 ["Lod. Doc."] 1); *see* Cal. Pen. Code §§ 186.22, 417(a)(2), 245(a)(2).  In addition, Petitioner was found to have committed the assaults while participating in a criminal street gang and personally used a weapon during the commission of the assaults.  *Id*.; *see* Cal. Pen. Code §§ 186.22(b), 12022.5(a).  The abstract of judgment filed in Stanislaus County Superior Court states Petitioner was sentenced to 19 years and 4 months.  (Lod. Doc. 1).  Petitioner appealed the judgment of the trial court on the grounds that it erred in admitting several out-of-court statements in violation of the confrontation clause, that his counsel rendered ineffective assistance, and that the evidence was insufficient.  (Lod. Doc. 2).  On February 8, 2005, the California Court of Appeal, Fifth District affirmed the judgment.  *Id*.  On June 8, 2005, the Supreme Court of California denied review.  (Lod. Doc. 3).

On July 26, 2018, the California Department of Corrections and Rehabilitations recommend recalling Petitioner's sentence and resentencing him pursuant to Cal. Pen. Code § 1170(d).  (Lod. Doc. 4).  On October 1, 2018, the trial court recalled Petitioner's sentence and resentenced him to a determinate state prison term of seventeen years and four months.  (Lod. Docs. 5-6).  On July 9, 2019, Petitioner filed a writ for habeas corpus in Stanislaus County Superior Court, but two days later, Stanislaus County Superior Court denied his petition.  (Lod. Docs. 7-8).  On November 1, 2019, Petitioner filed a writ for habeas corpus in the California Court of Appeal, Fifth District.  (Lod. Doc. 9).  On March 26, 2020, the California Court of Appeals denied the petition.  (Lod. Doc. 10).

On September 2, 2021, Petitioner filed a petition for writ of habeas corpus to this Court.  (ECF No. 1).  On June 21, 2022, Respondent filed the instant motion to dismiss asserting the petition is untimely, fails to exhaust state judicial remedies, and fails to raise a cognizable federal claim.  (ECF No. 16).  Petitioner did not file an opposition.  Accordingly, the motion is ripe for review.

**Petitioner's Claims**

Petitioner argues that "the trial court abused its discretion under California Penal Code § 1385, it should have struck one of Petitioner's [*sic*] convictions because they arose from a single act."  (ECF

1 No. 1 at 3).  Petitioner contends the trial court's failure to strike one of his convictions was a violation
2 of "California Penal Code § 654, and the Fifth and Fourteenth Amendments of the United States
3 Constitution.  *Id*.

**Standard of Review**

A federal court may entertain a petition for wirt of habeas corpus from a person in custody pursuant to the judgment of a state court if they allege the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court…"  Habeas Rule 4.  The Ninth Circuit permits a respondent to move to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Habeas Rule 4 to evaluate a motion to dismiss habeas petition for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Habeas Rule 4 as procedural grounds to review a motion to dismiss for state procedural default).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Habeas Rule 4 standards to review the motion.  *White*, 874 F.2d at 602-03; *Hillery v. Pulley*, 533 F. Supp. 1189, 1194, n.12 (E.D. Cal. 1982) ("a motion to dismiss attacking only the pleadings should be considered under Rule 4 standards").  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Discussion**

Respondent's motion to dismiss must be granted as Petitioner's habeas petition is barred by the applicable statute of limitations, fails to exhaust state remedies, and fails to raise a cognizable federal claim.

First, Petitioner's habeas petition is not timely.  On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  *Lindh v. Murphy*, 521 U.S. 320, 320 (1997).  The AEDPA sets a one-year statute of limitations period on state prisoners' habeas corpus petitions.

3

*Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)).  However, "[t]he time during which a properly filed application for State post-conviction or other collateral review…is pending shall not be counted toward [the] period of limitation…"  *Stancle*, 692 F.3d at 953 (citing 28 U.S.C. § 2244(d)(2)).

Here, Petitioner was resentenced on October 1, 2018.  (Lod. Docs. 5-6).  The time to seek direct review for Petitioner's resentencing ended on November 30, 2018, when the sixty-day period to file an appeal in the state appellate court had expired.  Cal. R. Ct. 8.308(a); *see Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006).  Two hundred twenty days lapsed between the finality of direct review on November 30, 2018, and Petitioner's filing of his state habeas corpus petition on July 9, 2019.  (Lod. Doc. 7).  The statute of limitations period was not tolled within this time as no state court application for habeas corpus relief was "pending".  *See e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 330 (2007) (the limitation period for Lawrence's petition ran for 364 days between the date his conviction became final and the date his first petition for state postconviction relief was filed).  Thus, 220 days of the one-year limitation period had expired before Petitioner filed his state habeas corpus petition on July 9, 2019.

Petitioner was entitled to tolling for the time his habeas corpus petition was filed and pending before the Stanislaus County Superior Court and California Court of Appeals.  The statute of limitations is tolled for the period during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.  *Jenkins v. Johnson*, 330 F.3d 1146, 1149 (9th Cir. 2003) (citing *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999), overruled on other grounds, *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).  Following the California Court of Appeals' denial of Petitioner's state habeas petition on March 26, 2020, the one-year limitation clock began to run again.  On September 2, 2021, over a year later (526 days), Petitioner filed his federal habeas petition.  (ECF No. 1).  Petitioner waited more than two years total, 746 days, to file his habeas petition.  Therefore, the Court should grant Respondent's motion to dismiss as Petitioner's habeas petition was not filed within the applicable statute of limitations period.

Next, Respondent's motion to dismiss should be granted as Petitioner's habeas petition fails to show he exhausted state judicial remedies.  A petitioner who is in state custody and wishes to

collaterally challenge his convictions by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court or demonstrating that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor,* 404 U.S. 270, 275 (1971)); *See e.g., Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) (the Nevada Supreme Court did have an opportunity to address Ybarra's venue claim, thus the claim had been exhausted). The state courts must be presented with the specific federal constitutional guarantee at issue and a statement of the operative facts that support the federal legal theory. *Gentry v. Sinclair*, 705 F.3d 884, 897, 901 (9th Cir. 2013).

In this case, Petitioner has not brought forth his current claim before the Supreme Court of California. Petitioner has only requested collateral relief in Stanislaus County Superior Court and the California Court of Appeals. (Lod. Docs. 7, 9). In 2005, Petitioner did file an appeal to the Supreme Court of California, however, the petition was for a review of his original sentence and did not raise any claims related to his current federal request for relief. *See* Lod. Docs. 2-3). Therefore, Petitioner's petition must be dismissed as the Court cannot consider a petition that is entirely unexhausted. *Rose*, 455 U.S. at 521-22.

Petitioner's habeas petition also should be dismissed for failure to raise a cognizable federal claim. To obtain federal habeas relief from a state court conviction or sentence, a petitioner must show that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam). A federal court may not issue habeas relief for a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *See Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) ("[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation.").

Petitioner claims the trial court violated California state law, and by extension the Fifth and Fourteenth Amendments when it failed to strike one of his assault convictions. (ECF No. 1 at 3). Petitioner's challenge to the state court's refusal to strike one of his assault convictions fails because, at bottom, it involves only a purported error in the application of California state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Even if Petitioner's state claim were cognizable upon federal habeas review, Petitioner would not be entitled to federal habeas relief. Under narrow circumstances, the misapplication of state sentencing law may be "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its sentencing laws does not justify federal habeas relief.").

In this case, Petitioner has made no showing that the trial court even misapplied California state sentencing laws. California Penal Code § 1385 provides a trial court *discretion* to order a prior conviction dismissed in furtherance of justice. *People v. Vargas*, 328 P.3d 1020, 1024 (Cal. 2014) (emphasis added). § 1385 does not require a court to act. Indeed, the Stanislaus County Superior Court asserted there are no grounds to do so. Further, there is no merit to Petitioner's claim that California Penal Code § 654 prohibited the trial court from imposing two assault convictions because both offenses arose from a single act. § 654 is not applicable where one act has two results each of which is an act of violence against the person of a separate individual. *People v. Oates*, 88 P.3d 56, 65 (Cal. 2004). Petitioner committed an assault against multiple individuals, thus multiple convictions of assault were permitted.

Although Petitioner invokes the Fifth and Fourteenth Amendments in his petition, these statements are insufficient to transform what is, at most, a state law claim into a cognizable federal claim. *Gray v. Netherland*, 518 U.S. 152, 163 (1996); *see Little v. Crawford*, 449 F.3d 1075, 1083 n. 6 (9th Cir. 2006) ("We cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question.") A petitioner's mere reference to the Due Process Clause is insufficient to

render a habeas petition viable. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). Here, Petitioner's constitutional claims are nothing more than conclusory allegations, devoid of specific factual support, and should be dismissed. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

**Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's Motion to Dismiss (ECF No. 16) be GRANTED; and
2. The Petition for Writ of Habeas Corpus (ECF No. 1) be dismissed with prejudice as it plainly appears to be untimely, raises unexhausted claims and fails to raise a cognizable federal claim; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 3, 2022**

UNITED STATES MAGISTRATE JUDGE

7